AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.
CHAD SMITH-09

**ORDER OF DETENTION PENDING TRIAL**
14-20014-09-KHV/DJW

*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

**X** (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 11/3/14

*David J. Waxse*
Digitally signed by David J. Waxse
DN: cn=David J. Waxse, o=Federal Distric Court, ou=District of Kansas, email=judge_waxse@ksd.uscourts.gov, c=US
Date: 2014.11.03 14:36:55 -06'00'

*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. CHAD SMITH
Criminal Action 14-20014-09-KHV/DJW

## Part II - Written Statement of Reasons for Detention

Mr. Smith there are two things I have to consider, one is the presumption that you've heard discussed, which requires that you be detained unless you can rebut that presumption. And, secondly without regarding the presumption, there are a series of factors I have to consider in determining whether there are conditions that can be set that will assure you appearance and safety of other persons in the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearms or controlled substance, and in this case it involves both of those, so those are negative factors.

The next factor is the weight of the evidence against a person. There has been Grand Jury determination of probable cause, so that's negative.

The next factor is the history and characters which includes your physical and mental condition. There's nothing in the report or proffer to indicate that is a problem.

Family ties appear to be positive.

Employment is not positive because according to the report, you have not been employed for almost nine months.

The next is history related to drug and alcohol abuse and that clearly is a problem by your own admission.

The next is your record concerning appearances at court proceedings, and as I count up, there are four times of record that you have failed to appear, so that's a negative.

The next is whether at the time of the current offense or arrest, you were on probation, parole, or other release pending trial, and from reviewing the court proceedings, it looks like you were on release in case number 14-00172 and apparently on release in case 14-0028, so those are negative factors.

The final factor is the nature and the seriousness of the danger to any person in the community that be posed by your release. When you are alleged to be in a conspiracy involving distribution of methamphetamine, that is a substantial danger to the community.

So considering all of these factors together, I don't find that there are conditions I could set that will either assure you appearance or protect the community. So you will be remain detained.

.